Good morning, your honors. My name is Russell Handy and I represent the plaintiff and the appellant Brian Whitaker. I'd like to reserve three minutes of my time, if I might, for rebuttal. That's fine. Could I get you to just hold up one minute, counsel? I just want to make sure opposing counsel can hear you okay. Yes, your honor. I can hear you. Thanks so much. Good morning to both of you. We're all set. Go right ahead, please. Thank you. We allege in the complaint that Whitaker, a quadriplegic, went to the Tesla dealership in Sherman Oaks in July of 2019 and he found that it failed to provide him accessible service counters. That Whitaker personally encountered this barrier and it caused him difficulty and discomfort. We contend that this gives clear notice to Tesla about the claims in the case and meet rule 8 standard for a short and plain statement of the case. We understand that people would like more detail up front and we laid it out why there's practical reasons, salutary practical reasons, for not providing too much detail. We cited the Sharpe decision which laid out the two different pleading approaches that are permissible and have been approved. Counsel, can I stop you right there? Because that case, of course, predates Iqbal Twombly and that standard. It really harkens back to the old standard. So could you please speak to that? Are you arguing that you don't have to comply with Iqbal Twombly for purposes of 12b6 or are you, what is your argument, please? No, not at all. In fact, I'm not relying on any cases that predate Twombly or Iqbal. The SCAP decision that we cited extensively is post-Twombly and Iqbal. The Sharpe decision that we're citing is post-Twombly and Iqbal. And in fact, both of them reference those cases in their decision. And so what I understand is a plausibility that we have to demonstrate there's a plausible claim. But of course, here, when you're alleging a conspiracy theory or the existence of an ulterior motive or purpose, the fodder of Iqbal and Twombly, you can see how a plausibility standard plays out. Here, we're talking about a quadriplegic who physically encountered a built-in static condition and he alleged this inanimate counter is physically inaccessible to him. Not only is it clear, but it's not. Why? How does it prevent him? No, he did not provide specific details. And that's our argument, is that we don't have to. And in this court, in SCAP, it specifically said that... What about our en banc decision in Chapman? Can we talk about that? It's a lot more recent. Yes, we can. Chapman did not lay out any... It did not address the level of specificity that must be in a complaint to meet Rule 8. And so that's why it wasn't cited by... Usually not cited in this particular scenario. Chapman stands for the proposition, of course, both Chapman and Oliver and his progeny stand for the proposition that you have to identify the barrier in the complaint. And it also stands for the proposition that... And one of the things why I think it's relevant in this case is that Chapman stands for the proposition that there is an objective standard. The ADAG provides the objective standard. And an encounter with a physical condition that does not meet or exceed the ADA standards for accessible design is an objective injury, in fact. And here we allege, we said he encountered an inaccessible sales counter that did not meet the 1991 or 2010 standards. Now, I... And we think that... Is how that prevented him from accessing the facility. That's correct. We did not say how. And that's part of the story. That's part of the evidentiary detail. When he says, I entered the store, I went to this particular location, this thing was too high for me, or it didn't provide me clearance. These are the evidentiary details that we think should be reserved to discovery. And there's... Can I just... I don't mean to continually interrupt you. I'm sorry. It's a little hard on Zoom. But you specifically make this argument in your weight, defer what would otherwise be required by Iqbal, in particular, until after discovery. And I think Iqbal pretty clearly says just the opposite. I have not heard you respond to that point. Yes, Your Honor. I don't see where Iqbal requires us to provide evidentiary level details about the barrier. Remember, Scaf quoted Iqbal. Scaf refers... Twombly, actually. Twombly. You're point's taken. It came out actually right between the two. It quoted just the one. That's correct. But it also very clearly harkened back to the old notice pleading standard. So be that as it may, we're here today and we all know that Iqbal and Twombly apply. So if we could just focus on, are you arguing that you don't have to comply with Iqbal? It sounds like you're saying no. No. Your Honor, I believe... And you're content that a statement explaining how the particular barrier prevented your client from accessing the facilities would be... Is deferrable until discovery. Is that your position? Yes. I think that the short and plain statement that Rule 8 requires only requires our client to say, identify, of course, he's a person with a mobility disability. I don't think he has to go into details like I'm a quadriplegic or I'm paralyzed from the waist down. These are details. So I'm a person with a mobility impairment. I went to a place of public accommodation, which he alleges. I encountered inaccessible service counters that were inaccessible to me and created difficulty. I don't think that he has to go beyond that and start to give evidentiary level details like it was 42 inches high, in this case, 42 inches high and did not meet an ADA standard for accessible design of 36 inches. I don't believe that part of it needs to be in the complaint. And there's reasons why it can be terrible if you provide too much notice in the complaint. And so we've always relied on SCAF, which said, look, just for notice, for Rule 8, providing fair notice, it's appropriate to identify the area of the barrier and say that these things are unlawful. And then the parties can focus on it. Discovery can be done. But the danger... Are you saying that you rely on SCAF for standing purposes or for 12B6 purposes? For both. For both, Your Honor, because, you know, standing, of course, in that case, we're talking about standing, whether or not he alleged an injury in fact, right, in order to have standing. And of course, that's part and parcel of, did you allege a barrier that you actually have standing to challenge? Did it actually affect you? Was there an injury in fact? And so it kind of runs together. It's the same thing that you're looking at the pleading standard. Did you sufficiently identify an injury in fact, in this case, not only for standing, but also did you state a claim under the ADA? And so here, and the danger, of course, is if we say this is the problem with the counter, it's 42 inches high and not 36 inches, and they go and replace the counter. These things happen all the time. And then they replace the counter, but now it doesn't meet the depth requirement or the knee clearance requirement. We have to go and move to amend the complaint to now challenge that issue. And we've had cases, in fact, there's a defense counsel right now waiting for another hearing on this thing where we constantly moving a ball because every modification had new problems and then we had to keep addressing it. And so to be able to say, you do not have accessible parking, right? And then we get to walk away from the case with accessible parking. And we cited the Duarte v. M.L. Brothers case where it happened in real time, where we identified certain features about the parking. They moved the parking, striped the new parking and had major slope problems. And we couldn't challenge it unless we went and moved, amended the complaint. That was two years into the case. And so I think that SCAF is correct. I think courts should be able to rely on a district court to say, if you identify, look, you don't have accessible parking or you don't have accessible guest rooms or you don't have accessible service counters, that that provides fair notice. And it's plausible. These are static conditions. It's not like trying to parse through an unfair competition claim and there's a conspiracy being alleged and you're relying on inferences or deductions. I get the plausibility standard. But here you have a profoundly disabled wheelchair user who happens to be an ADA tester and is very savvy about these things. And he's saying, I went there and it was physically inaccessible to me. I think that provides fair notice. And then it takes one single contention interrogatory to say, if you contend the service counter is not accessible, please provide all facts upon which you base that contention. And that's it. It's done. It's not like this hiding the ball. And of course, if the conditions change, we get to supplement or correct the discovery response. So it's not hiding the ball. Counsel, do you want to save time? Did you want to save time for a vote? Yes, I would. Thank you. We'll hear from opposing counsel, please. Good morning, Your Honors. This is Rohit Samnis for Tesla Inc. Your Honors, Iqbal and Tomli clearly apply in this situation. This is a Rule 12b-6 motion. One thing that I did want to emphasize is the elements required of the ADA claim. Of course, the element that we're focusing on here, the reason why we're here today is the third element. That is the barrier, in this case, the architectural barrier that's alleged. Plaintiff, the appellant here fails to indicate how that barrier was inaccessible to him. And that is also the point the district court, in applying Iqbal and Tomli, relied upon in this particular claim. Why is that important? Give me one of those pillows, please. That is a crucial element of the ADA claim. That's at issue. And that is why the indicate in the complaint any facts as to how the service counter at issue in this case was inaccessible to him. And that's the important part. And that is what the court in this court's en banc decision in Chapman v. Pier 1 in court focuses on. I think that appellant's counsel is looking at Chapman in another part of the opinion. But in Chapman, the court examines whether it has Article 3 standing. It does that sua sponte. It was not raised by any of the parties. But the court examines that and looks at the complaint. And in particular, as to standing the injury in fact requirement. And says quite clearly, and the district court in this case picked up on it as well, that a plaintiff must allege how the particular barrier was or interfered with his or her full and equal enjoyment of the public accommodation. That's at issue. Can you give us, just in your view, what level of factual specificity would be needed in a case like this? Just give us an example of what you would have, you know, if the plaintiff had alleged the following additional facts that would have... Sure. I'm happy to do that. Literally, we would like as much information as possible. But I think looking at the way that the district courts are looking at these complaints, applying it voluntarily. So what are they requiring? It's not a whole lot more. It's not the evidentiary details that my opposing counsel here is indicating would be required. It could be as simply, in this case, as indicating that the counter was too high. It could be the counter was too low. It could be that there was not adequate space in front of the counter for a wheelchair user to access. You're saying that just what's missing here is the reason why the service counter is inaccessible? If you just provided at least one reason why he wasn't able to access your company, your client services, that would have been sufficient? I think that's true, Your Honor. Although we would like as much as possible, under the standard, under the Chapman case, it is why and how the alleged barrier was inaccessible. As it stands now in this particular complaint, the only allegation we have here is that there is an architectural feature. There is a conclusion made that that architectural feature was inaccessible. And it's a legal conclusion. It's a naked assertion of a lack of accessibility. And it may only take one simple fact, two simple facts to indicate why and how that particular feature was inaccessible. And so it is not, clearly not, and the district courts that are applying the standard properly are not requiring evidentiary level details. We've provided an example in our papers of a situation where, such as the district court here, granted a defendant's rule 12b6 motion on a complaint very similar to the one that's at issue here. The defendant made a subsequent 12b6 challenge upon the amended complaint. And the amended complaint was found to be sufficient because it simply made one or two very plain allegations as to how the particular barrier was inaccessible to that particular plaintiff. And that is the Whitaker versus Jagu case, I think provides a good example of that. And of course, that is the same plaintiff who is here today before this court. And in those decisions, in fact, even upon the second rule 12b6 motion indicated, well, my complaint survives this time because I'm actually alleging facts and not mere legal conclusions. And so could I, forgive me for interrupting, but your time is running out and I want to make sure I get the benefit of your input on this other broader issue. We do have three of these cases batched on the calendar today. And of course, there are many of these cases filed every year. Opposing counsel makes the argument that the district courts are split. We have an interest circuit split and there's confusion or at least a different standard is being applied by our district courts. Do you agree? I, I, I do agree. There are district court opinions that are applying a fall and Twombly strictly that are disregarding legal conclusions, naked assertions as to, for example, in this case, the allegation that there was a inaccessible or failure to provide an accessible counter. There are other district courts as well. Counsel, I'm going to, forgive me, but I'm going to take yes for an answer because I have a couple of follow-up questions that if I can probe what I really need to get at it, forgive me again for interrupting. But I looked in my court locker, had to prepare a spreadsheet of many of these cases to figure out what's going on in them. And there's, of course, there are, they are dismissed where they are dismissed. They're often dismissed for two different reasons. Some of the judges are focusing on standing and some focusing on 12B1 and deciding that they don't have jurisdiction for failure to sufficiently allege injury in fact, or for failure to allege sufficiently that the individual is going to encounter this barrier again in the future for purposes of injunctive relief, as you know. And some are focusing on this Iqbal-Twombly issue. And so for 12B6 purposes, just whether there's really a statement about how does this barrier prevent somebody from accessing the You've kindly given me your input, which is you think they're applying these standards differently. Could you just please specify whether you think additional help is needed on the 12B1 standing point or on the Iqbal or just verifying that Iqbal-Twombly applies? I think there is, the district courts would benefit from some assistance on the question of whether Iqbal and Twombly applies in all circumstances. There is a case, the Maya, and we've cited it as well, the Maya versus Sentex case from the Ninth Circuit that indicates that Iqbal and Twombly may not apply in the setting of a Rule 12B1 motion, as opposed to a Rule 12B6 motion. There are, of course, some district courts that are applying Iqbal and Twombly in the standing setting as well. There are others that are not. Neither case mentions 12B1 as I recall. Your Honor, I'm not sure which case you're referring to. Iqbal or Twombly, neither mentions 12B1. Iqbal and Twombly do not mention 12B1. They are not standing cases. They are cases... They're 12B6 cases. They are 12B6 cases. I'm sorry, I cut you off. They are 12B6 cases. Your Honor, just while I finish up real quick, I think the courts could use the benefit of knowing that the en banc decision in Chapman applies as opposed to Scaff, and Scaff can be distinguished in a lot of different ways. But the controlling en banc decision in the Ninth Circuit, I think the courts could use some guidance that Chapman v. Pier 1 imports, which does in fact reference Iqbal and Twombly, and the fact that legal conclusions do not necessarily apply and may be disregarded. That would be helpful to the district courts, as opposed to some of them which continue to rely on the Scaff case. Oh, let me just ask you one additional question, please, as your time is running out. If he had alleged that the clearance on my wheelchair is 34 inches and the counter was 32 inches, would that have been sufficient? That may be sufficient. I think that the courts... That would have passed the Twombly-Iqbal test, in your view? It's... Right. We don't... It's not about evidentiary details. It's not about specific facts. I understand all that, but just to riff on that hypothetical I gave you, your view is that that would have been sufficient. I think that would have been sufficient. It would then tell the defendant how the particular feature or element was inaccessible to that particular plaintiff, and that would likely do it. It's not much. When the district courts get in this situation and they allow an amendment, such as they did here, the district court did not dismiss this complaint outright. It allowed the plaintiff leave to amend. I surmise that if the plaintiff and alleged a simple fact such as the counter was too high for me... That would have been okay. That probably would have been okay. The way the district courts are applying this, it would probably survive a Twombly-Iqbal test. Thank you, counsel. Thank you, counsel. Opposing counsel has saved some time for rebuttal. Sir, go right ahead. Yes. The problem that I have with relying on Chapman is Chapman was not a pleadings challenge. Chapman was ruling on cross motions for summary judgment, and there's no question at that point specific facts have to be alleged. In fact, the only mention of Iqbal in the Chapman decision is in footnote nine of that, where they point out that merely claiming a denial of full and equal access, that's the phrase they say, merely saying that would not be enough. It would just be a formulaic recitation. That's what I'm trying to say here. We didn't just say you have architectural barriers or you denied full and equal access. We said you specifically did not provide accessible sales and service counters in conformance with the ADA, and it created difficulty and discomfort for this plaintiff. But his opposing counsel's argument is that they're left guessing about what is it about this counter that prohibited you from accessing the services offered at the establishment. Right. I fully understand that. And I think the Rule 8 only requires just notice of what the claims are. And we're saying you violated the ADA specifically with respect to your service counters. And it's created difficulty for us. And this is why we have standing under the ADA. This is what the case is going to center on. And again, it's a simple phone call if they actually really want to know, because we don't. Of course, we have to discuss that stuff if we want to settle a case. It's just that we don't want to be boxed into a specific, detailed allegation. And then if they change things and it's still not compliant, we have to go through a whole process of trying to amend the complaint. And if it's done right before trial, forget it. It's just we can't even move on. Can I just follow up on that one point? Chapman seems to make really plain that you don't have to amend your complaint. As long as you've got standing and you've successfully pleaded the one barrier, you can allege others. Oh, right. There's no question. You can allege others, but they have to be alleged in the complaint. That's absolutely clear under the Ninth Circuit with the combination of Oliver and Chapman is that it has to be in the complaint, has to be identified in the complaint, or it's not fair game. And if you identify... You don't have to personally encounter, right? You do not have to personally encounter. No. Once you've encountered one, you have standing to challenge all barriers. They still have to be alleged in the complaint. Is there anything else on that point? Or I don't want to take you away from your... I just ask that you wrap up. No. The only other point I would say is this. I mean, are we really saying that a quadriplegic who claims that he personally encountered an inaccessible service counter that caused them difficulty and discomfort, that's not a plausible claim? I just think that if it's all going to rest on plausibility, I just don't think this is one that implicates a concern about plausibility when you're talking about a physical static condition that everyone can go look at. It's not like the stuff that we saw in Twombly and Iqbal. It's not like some of the other things where you're about to launch into a major discovery in some antitrust claim and you want to foreclose that or head it off. This is just not like that type of case. And I think that the courts who... The numerous courts, we cited some of them in our reply brief, who have said, this is enough. This fairly frames. You know exactly what to go look at. Tesla has fair notice. Go look at your service counter. I think it's enough and there's good reasons why in these simple barrier cases that that should be enough. Thank you, Your Honor. Thank you both. We'll take that case under advisement and move on to the next argument, please. It is Reitman v. Champion Pet Foods, 19-56467.
judges: Parker, Christen, Watford